Ajit SINGH, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–70140.

INS No. A70–863–888.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

Before BEEZER, KLEINFELD, and
PAEZ, Circuit Judges.

MEMORANDUM **

Ajit Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's decision denying his request for asylum and withholding of deportation and the BIA's subsequent decision denying as untimely Singh's motion to reopen his deportation proceedings. We dismiss in part and deny in part the petition for review.

Singh filed his petition for review over 30 days after the BIA's final decision on his asylum and withholding of deportation claims. Consequently, we lack jurisdiction to review those claims. *See Narayan v. INS,* 105 F.3d 1335, 1335 (9th Cir.1997) (order).

We have jurisdiction over the BIA's decision denying Singh's motion to reopen, and review for abuse of discretion. *See Mejia v. Ashcroft,* 298 F.3d 873, 876 (9th Cir.2002). The BIA did not abuse its discretion when it denied Singh's motion to reopen as untimely because the BIA satisfied its statutory notice requirements by mailing notice of its decision to the address of record for petitioner's attorney. *See Dobrota v. INS,* 311 F.3d 1206, 1211 (9th Cir.2002). Furthermore, principles of equitable tolling cannot be considered in Singh's case because they were not argued to the BIA, discussed by the BIA, or argued to this court. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

Gerardo RODRIGUEZ–SOLOMON,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–70013.

INS No. A77–162–720.

United States Court of Appeals,
Ninth Circuit.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Gerardo Rodriguez–Solomon, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' dismissal of his appeal of the Immigration Judge's ("IJ") order denying his request to set a hearing date and finding him ineligible for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b). We review de novo claims of due process violations, *Getachew v. INS,* 25 F.3d 841, 845 (9th Cir.1994), and we deny the petition for review.

Rodriguez–Solomon contends the IJ denied him due process by refusing to calendar a hearing for his withholding of removal application and finding him ineligible for withholding of removal.

To prevail on a due process challenge to removal proceedings, Rodriguez–Solomon must show error and substantial prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000). Rodriguez–Solomon's answers to the IJ, which were consistent with his answers in his application for withholding of removal, showed no possibility that he was eligible for the relief he sought. Thus, Rodriguez–Solomon suffered no prejudice from the alleged violation because it could

not have affected the outcome of the proceedings. *See id.* Accordingly, his due process challenge fails. *See id.*

**PETITION FOR REVIEW DENIED.**

**Laurack D. BRAY, Plaintiff—Appellant,**

v.

**VENTURA COUNTY BAR ASSOCIATION; et al., Defendants—Appellees.**

No. 02–55634.

D.C. No. CV–01–07646–CAS.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the